IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY LAMANCUSA, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-2400 |
| | : | |
| MARK GARMAN, | : | (Judge Brann) |
| ET AL., | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

January 12, 2017

**Background**

This pro se civil rights action was filed by Anthony Lamancusa, an inmate presently confined at Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview). Service of the Complaint was previously ordered

Named as Defendants are two SCI-Rockview officials, Superintendent Mark Garman and Inmate Accounts Manager Brian Miller. Plaintiff describes himself as being "mentally incompetent and disabled." Doc. 1, ¶ 1. As a result, Lamancusa claims that he is unable to perform prison employment. Plaintiff states that all SCI-Rockview inmates should receive $ 15.00 per month in idle pay

1

until they are physically able to work and inmates who are medical patients should be given a monthly $ 10.00 medical allowance. See id. at p 4. According to the sparsely worded Complaint, Plaintiff has been subjected to a retaliatory denial of medical allowance and idle pay because of his mental disability.   Plaintiff seeks injunctive relief.

Defendants responded to the complaint by filing a motion to dismiss, or in the alternative, motion for summary judgment. See Doc. 15. The opposed motion is ripe for consideration.

**Discussion**

Defendants argue that the Complaint cannot proceed because: (1) Lamancusa failed to exhaust his available administrative remedies, (2) there are no assertion of personal involvement by Defendants in any acts of constitutional misconduct; and (3) a viable allegation of retaliation has not been raised.

**Standard of Review**

Defendants' pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for

> summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendants' motion. Thus, their motion will be treated as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.")

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, together with any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260

F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Administrative Exhaustion**

Defendants' initial summary judgment argument asserts that Plaintiff failed to exhaust his administrative remedies prior to filing this suit. See Doc. 17, p. 8. Plaintiff generally counters that exhaustion is not required.[1] See Doc. 18, ¶¶ 9 & 10.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under that provision, administrative exhaustion is required "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available

---

[1] Lamancusa also argues that sua sponte dismissal for non-exhaustion is not appropriate. However, since Defendants have moved for summary judgment on the basis of non-exhaustion this is not a case where sua sponte dismissal is being considered.

administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[2] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

---

[2] In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the United States Court of Appeals for the Third Circuit, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the United States Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[3] A copy of the policy has been submitted in support of Defendants' non-exhaustion argument. Section III of DC-ADM 804 (effective May 1, 2015) states that "every individual committed to its custody shall have access to a formal procedure through which to seek resolution of problems or other issues of concern arising during the course of

---

[3] While the DOC's grievance system has been periodically amended, the three tiered appeal system was in effect throughout the relevant period of Plaintiff's SCI-Rockview confinement.

confinement." See Doc. 16-6, p. 2 (III). It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section I ("Grievances & Initial Review") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based but allowances of extensions of time will be granted under certain circumstances. A rejected grievance may be resubmitted within five (5) working days of the rejection notice date.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within fifteen (15) working days to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed.

In support of their non-exhaustion argument, Defendants have submitted a a declaration under penalty of perjury by Helen Shambaugh who is employed by

8

the DOC as a SOIGA Administrative Officer and is custodian for SOIGA inmate grievance records. See Doc. 16-1, Exhibit A.  Shambaugh states that based upon her review of the grievance appeal records routinely maintained by the DOC, Lamancusa has filed two grievances while in DOC custody, neither of which have proceeded to final administrative appeal. See id. at ¶ 10.

A declaration under penalty of perjury by SCI-Rockview Superintendent Assistant Jeffrey Rackovan has also been submitted. See  Doc. 16-2.  Rackovan avers that he is responsible for the review and tracking of prisoner grievances at the prison.  Based on his review of Plaintiff's grievance records, Rackovan likewise states that Lamancusa filed two grievances while at SCI-Rockview. However, the Superintendent Assistant points out that neither grievance regarded the claim presently before this Court and neither grievances was administratively appealed. See id. at ¶¶ 20-22.  Defendants have also provided a copy of the DOC grievance procedure policy together with Plaintiff's grievance records.

Although Plaintiff suggests that he is not required to exhaust administrative remedies, Section 1997e(a) clearly states otherwise.  Furthermore,  the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75.  A subsequent Third Circuit decision reiterated its no futility

exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). "[S]ensitive subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust" have also been rejected. Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

The undisputed record establishes first that the DOC had an established grievance procedure in place during the relevant time period. Second, Lamancusa failed to file a grievance relating to his pending claim against the Defendants. Defendants' undisputed evidence satisfies their burden of establishing that Plaintiff did not fully exhaust this available DOC administrative remedy prior to initiating this action. Based upon those factors as well as Plaintiff's failure to provide a viable reason to excuse his failure to exhaust, a finding of non-exhaustion and entry of summary judgment in favor of the Defendants under the well-settled Spruill and Woodford standards is appropriate.

**Personal Involvement**

Defendants next contend that they are alternatively entitled to entry of summary judgment because the Complaint does not allege that either of them had any personal involvement in the alleged constitutional violations. See Doc. 17, p. 6. A plaintiff, in order to state an actionable civil rights claim, must plead two

10

essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Superintendent Garman and Inmate Accounts Manager Davis are each employed in supervisory capacities within SCI-Rockview. There are no assertions that either of those officials directed or took any action whatsoever with respect to

11

the Plaintiff's alleged non-eligibility for idle and medical allowance pay. Moreover, there are no factual allegations set forth in the Complaint whatsoever which could support a claim that either Defendant was even aware that Lamancusa was being denied idle or medical allowance pay. As such, the Rode personal involvement requirement has not been satisfied.

It is also possible that Plaintiff may be attempting to establish liability against the two Defendants due to their responses or non-response to his administrative grievances or complaints. Prisoners also have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, 283 Fed. Appx. 880, 881 (3d. Cir. 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty

interest in access to that procedure).

Accordingly, any attempt by Plaintiff to establish liability against the Defendants based upon their handling of his administrative grievances or complaints does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Pursuant to the above discussion Defendants' request for entry of summary judgment on the basis of lack of personal involvement is also meritorious.

**Retaliation**

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First

Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)).  Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him."  Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).  The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.[4]  See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005).

Once Plaintiff has made a prima facie case, the burden shifts to the Defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest."  Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002)(internal quotation and citation omitted).  When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned.  Rauser, 241 F.3d at 334.

---

[4] Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation.  Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

Defendants contend that Plaintiff has not established that he was engaged in any constitutionally protected conduct which resulted in adverse action being taken against him by prison officials. See Doc. 17, p. 7. Under the first prong of Rauser, a plaintiff must prove that he was engaged in a constitutionally protected activity. The third Rauser prong requires a prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor underlying the alleged improper denial of medical allowance pay.

Based upon a liberal reading of the Complaint, Plaintiff does not allege that the purported retaliatory denial of medical allowance and idle pay was taken in response to his initiation of grievances and civil suits or any other constitutionally protected conduct. As such, Plaintiff not satisfied that the Rauser requirements of showing that his engagement in constitutionally protected activity was a motivating factor for the alleged adverse action. Defendants' request for entry of summary judgment on the retaliation claim will also be granted.

**Conclusion**

Defendants' dispositive motion will be construed as solely seeking summary judgment. The undisputed record shows that Plaintiff failed to exhaust his available administrative remedies prior to initiating this action. Second, the Complaint fails to allege personal involvement by either Defendant in any

15

unconstitutional acts. Third, a viable claim of retaliation is not set forth in the Complaint. Based upon those findings, the request for entry of summary judgment will be granted. An appropriate Order will enter.

                        BY THE COURT:

                        s/ Matthew W. Brann
                        Matthew W. Brann
                        United States District Judge